**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC; and SAMSUNG ELECTRONICS CO., LTD.<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Personalized Media Communications, LLC ("PMC"), by and through its attorneys, hereby demands a jury trial and complaints of Defendants Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (collectively referred to as "Samsung") as follows:

## NATURE OF THE ACTION

1.      This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Samsung of claims of U.S. Patent Nos. 7,747,217; 7,752,649; 7,752,650; 7,856,649; 8,675,775; and 8,711,885 (collectively referred to as the "Patents-in-Suit").

## PARTIES

2.      Plaintiff PMC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 14090 Southwest Freeway, Suite 450, Sugar Land, Texas 77478.

3.      On information and belief, Samsung Electronics America, Inc. ("SEA") is a

corporation organized and existing under the laws of the State of New York, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660, and with a registered agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.   SEA is a wholly owned subsidiary of SEC.

4.      On information and belief, effective January 1, 2015, SEA merged with Samsung Telecommunications America, LLC ("STA"), a Delaware limited liability company, previously with a principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082; a manufacturing and service facility at 1000 Klein Road, Plano, Texas 75074; and a registered agent at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  On information and belief, SEA is the surviving entity of the merger with STA and continues to operate STA's facilities in Texas.

5.      On information and belief, Defendant Samsung Electronics Co. Ltd. ("SEC") is a corporation organized and existing under the laws of Korea, having its principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon, Gyeonggi-Do, Korea.  SEC maintains its North America Headquarters at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and its America Headquarters at 3655 North First Street, San Jose, CA 95134.  SEC may be served pursuant to the provisions of the Hague Convention.

6.      Samsung is a leading manufacturer and seller of televisions and smartphones in the United States.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendants SEA and SEC because, *inter alia,* upon information and belief, (i) Defendants SEA and SEC have done and continue to do

2

business in Texas; (ii) Defendants SEA and SEC have committed and continue to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in this district; and (iii) Defendant SEA is registered to do business in Texas and maintains an office in Richardson, Texas and a manufacturing and maintenance facility for accused products in Plano, Texas.  In addition, or in the alternative, this Court has personal jurisdiction over Defendant SEC pursuant to Fed. R. Civ. P. 4(k)(2).

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, upon information and belief, (i) Defendants SEA and SEC have done and continue to do business in this district; (ii) Defendants SEA and SEC have committed and continue to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling accused products in this district, and/or importing accused products into this district, including by internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in this district; (iii) Defendant SEA maintains a manufacturing and service facility for accused products in this district; (iv) Defendant SEC is a foreign entity; and (v) this judicial district is familiar with the technology of the Patents-in-Suit, having presided over several lawsuits involving patents from the same patent family.

## SINGLE ACTION

10.      This suit is commenced against Defendants SEA and SEC pursuant to 35 U.S.C. § 299 in a single action because, *inter alia*, upon information and belief, SEA and SEC are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States.  In addition, the Samsung

Defendants share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

11.     Accordingly, the Defendants operate as a unitary business venture and are jointly and severally liable for patent infringement relating to the televisions and smartphones made, used, imported, offered for sale, sold, or used in the United States by either or both of them. PMC's right to relief against each of these Defendants arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, and sale of the same accused television and smartphone devices in the United States.  Additionally, questions of fact common to both of these Defendants will arise in this action, including whether the accused television and smartphone devices infringe the asserted patents.  Therefore, joinder of the Defendants is proper under 35 U.S.C. § 299.  *See NFC Tech., LLC v. HTC Am.*, Case No. 2:13-cv-1058-JRG, 2014 U.S. Dist. LEXIS 105230, *7-8 (E.D. Tex. Aug. 1, 2014) (finding joinder to be proper where defendants manufactured different handsets making use of a common component alleged to infringe plaintiff's patents).

## **PATENTS-IN-SUIT**

12.     On June 29, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,747,217 (the "'217 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '217 Patent is attached hereto as Exhibit A.

13.     On July 6, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,752,649 (the "'649 Patent"), entitled "Signal Processing Apparatus And

4

Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '649 Patent is attached hereto as Exhibit B.

14.     On July 6, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,752,650 (the "'650 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '650 Patent is attached hereto as Exhibit C.

15.     On December 21, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,856,649 (the "6'649 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the 6'649 Patent is attached hereto as Exhibit D.

16.     On March 18, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,675,775 (the "'775 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '775 Patent is attached hereto as Exhibit E.

17.     On April 29, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,711,885 (the "'885 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '885 Patent is attached hereto as Exhibit F.

18.     The Patents-in-Suit generally relate to methods and systems for digital signal processing.

19.    PMC owns all right, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery.

## FACTUAL ALLEGATIONS

### The Company

20.    PMC is a family-run company that was founded by inventor John Harvey.  PMC's Chairman, along with his co-inventor James Cuddihy, made numerous inventions in the early 1980s (collectively referred to hereinafter as "the Harvey Inventions") which have been the basis for nearly 100 patents.

21.    PMC is operated out of Sugar Land, Texas, and its intellectual property commercialization and licensing activities have created jobs, including the employment of a number of engineers and technical specialists, as well as management and counsel.

22.    PMC owns a ground-breaking portfolio of intellectual property that covers, among other things, the use of control and information signals in electronic media content to process the content and generate output that is personalized and relevant to a user and the application of novel content protection techniques to protect against piracy.  PMC's patents also disclose and claim apparatus and processes that allow for content to be transmitted by a content provider in a highly flexible manner where the content and control signals can be varied in their timing, location, and/or composition.

23.    PMC attempted to commercialize the technology of the Harvey Inventions through internal development.  For example, between 1989 and 1992, the company developed and publicly disclosed a prototype that demonstrated, using television as a model, some of the personalization concepts and access control concepts of PMC's patented technology.

24.     The company also sought to partner with established companies to realize the vision of the patents by jointly developing, marketing, and manufacturing commercial embodiments of the PMC technology.  In the 1990s, PMC and its predecessor, Personalized Mass Media Corporation, made multiple attempts to market the Harvey Inventions by contacting a number of large technology companies.  PMC entered into agreements with industry leaders, including General Electric, to explore the possibilities of the technology, and also contracted with Sarnoff Labs to develop software implementing features of the Harvey Inventions and demonstrating the potential of the technology.

25.     Most of these established firms eventually declined to pursue the Harvey Inventions.  A few firms, however, including StarSight and Gemstar (now subsidiaries of Rovi), eventually became some of the first licensees to PMC's patent portfolio.

26.     Since those early years, the Harvey Inventions have received significant industry recognition, including being licensed by some of the most respected companies in the world. Numerous media and telecommunications companies use PMC's technology, including providers of electronic media content that is personalized and relevant to a particular user, providers of devices to deliver that content to users, and providers of the networks that deliver the content.  Current licensees of PMC's patented technology include Sony, Motorola, Sharp, Panasonic, DirecTV, DISH Network, EchoStar, The Weather Channel, Gemstar-TV Guide (now a subsidiary of Rovi), Cisco, and Arris, among others.

27.     Over the years, PMC has consistently pursued a license-first approach to commercializing its intellectual property.  PMC considers litigation to be a last resort, employed only after it is apparent that a commercially reasonable license is unobtainable through

negotiations.  Indeed, the present action was commenced only after a lengthy series of licensing discussions with Samsung failed to produce a commercially reasonable licensing offer.

28.     PMC has only litigated its own patents.  PMC has never sought to litigate or otherwise enforce a patent purchased from a third party.  The patented inventions that PMC seeks to enforce in this case, and in every other case PMC has been forced to initiate, are the fruits of PMC's inventors, John Harvey and James Cuddihy.

29.     Indeed, PMC has been involved in only a limited number of litigations in its twenty year licensing program.  Simply put, suing numerous companies for small amounts is not and has never been PMC's business model.

**Defendants and the Accused Products**

30.     As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

31.     Upon information and belief, including based on products identified on Samsung websites and described in Samsung's manuals, Samsung makes, uses, offers to sell, and/or sells in the United States, and/or imports into the United States products made in accordance with the Patents-in-Suit, including, but not limited to, Samsung Digital Televisions and Samsung Android Smartphones.

32.     Upon information and belief, Samsung actively and knowingly directs, causes, induces and encourages others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, products made in accordance with the Patents-in-Suit, including, but not limited to, Samsung Digital Televisions, by, among other

things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Digital Televisions.

33.     Upon information and belief, Samsung actively and knowingly directs, causes, induces and encourages others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, cellular telephone integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, products made in accordance with the Patents-in-Suit, including, but not limited to, Samsung Android Smartphones, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Android Smartphones.

34.     An exemplary, but not exclusive, list of Samsung Digital Televisions made in accordance with the Patents-in-Suit is attached as Exhibit G hereto.  An exemplary, but not exclusive, list of Samsung Android Smartphones made in accordance with the Patents-in-Suit is attached as Exhibit H hereto.

**Notice of Infringement**

35.     On December 11, 2013, PMC sent a package of materials to SEA and SEC, introducing Samsung to PMC and PMC's patents and attaching claim charts indicating infringement of several of the Patents-in-Suit, including the '217,'649, '650, and 6'649 Patents by Samsung's Digital Television products ("December 11, 2013 Notice Letter").

36.     Between December 2013 and March 2014, PMC, on several occasions, contacted Samsung by telephone and email regarding the status of Samsung's receipt and review of PMC's December 11, 2013 Notice Letter.

37.     On March 4, 2014, Michelangelo Troisi, Senior Legal Counsel & Director of

Litigation and Risk Management at SEA, called and emailed PMC to request that PMC resend its December 11, 2013 Notice Letter to Mr. Troisi's attention at 85 Challenger Road, Ridgefield Park, New Jersey 07660, promising that "[w]e will forward the information on to our IP Center."

38.     On March 6, 2014, PMC resent the December 11, 2013 Notice Letter to Mr. Troisi's attention.

39.     On March 20, 2014, PMC received an email from Mr. Daejin Jeon at Samsung's IP Center, confirming receipt of the December 11, 2013 Notice Letter and requesting that all communications from PMC to Samsung be directed to Mr. Jeon's attention.

40.     Between March 2014 and June 2014, PMC and Samsung exchanged communications, scheduling a face-to-face meeting between representatives of PMC and Samsung at Samsung's offices in Seoul, Korea.

41.     On June 13, 2014, PMC and Samsung representatives met at Samsung's offices in Seoul, Korea for over eight hours to discuss PMC's patents and infringement thereof by Samsung's digital television products.

42.     Following that meeting and through September 2014, PMC and Samsung exchanged numerous communications, including scheduling a follow-up face-to-face meeting and with PMC providing follow-up information regarding PMC's patents requested by Samsung at the June 13, 2014 meeting.

43.     On September 29 and 30, 2014, PMC and Samsung representatives met at Samsung's offices in Seoul, Korea for two days, discussing PMC's patents and infringement thereof by various Samsung products, including digital televisions.

44.     After that meeting, PMC and Samsung continued to exchange numerous communications, including scheduling a third face-to-face meeting and with PMC providing

follow-up information relating to questions raised by Samsung.

45.     On December 10, 2014, PMC further notified Samsung of the existence of each of the Patents-in-Suit, and of the infringement of each of the Patents-in-Suit, including specific claims thereof, by Samsung Digital Television and Android Smartphone products.

46.     Between December 2014 and February 2015, PMC and Samsung exchanged further communications.  Thereafter, PMC and Samsung representatives met a fourth and a fifth time, on February 3, 2015 and May 27, 2015, at Samsung's offices in Suwon, Korea.

47.     The parties continued discussions after the May 17, 2015 meeting.  However, September 8, 2015 was the last time PMC heard from Samsung.  PMC had requested a sixth in-person meeting with Samsung to negotiate a possible license.  Samsung promised to respond with its availability, but it never did.

48.     In view of the above, Samsung, including each Defendant SEA and SEC, received actual notice of each of the Patents-in-Suit, and of Samsung's infringement thereof by the accused television and smartphone devices, prior to this lawsuit.

## COUNT I:  INFRINGEMENT OF THE '217 PATENT
### (SAMSUNG DIGITAL TELEVISIONS)

49.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50.     Upon information and belief, Samsung has infringed at least claim 38 of the '217 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Samsung Digital Televisions, including but not limited to the Samsung Digital Televisions identified in Exhibit G hereto.   Upon information and belief, Samsung's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

51.     Upon information and belief, Samsung has induced infringement of one or more claims of the '217 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing,

directing, causing, and encouraging others, including, but not limited to, its distributors, designers, suppliers, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Samsung Digital Televisions made in accordance with the '217 Patent, including, but not limited to, the Samsung Digital Televisions identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Digital Televisions.   Upon information and belief, Samsung's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

52.    Upon information and belief, Samsung has committed the foregoing infringing activities without license from PMC and with notice of the '217 Patent.

53.    Samsung knew the '217 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '217 Patent.   PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Samsung's willful infringement of the '217 Patent.

54.    The acts of infringement by Samsung have been with the knowledge of the '217 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

55.    The acts of infringement by Samsung will continue unless enjoined by this Court.

56.    PMC has been and will continue to be irreparably harmed and damaged by Samsung's acts of infringement of the '217 Patent and has no adequate remedy at law.

## COUNT II:  INFRINGEMENT OF THE '649 PATENT
### (SAMSUNG DIGITAL TELEVISIONS)

57.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

58.     Upon information and belief, Samsung has infringed at least claim 1 of the '649 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Samsung Digital Televisions, including but not limited to the Samsung Digital Televisions identified in Exhibit G hereto.   Upon information and belief, Samsung's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

59.     Upon information and belief, Samsung has induced infringement of one or more claims of the '649 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its distributors, designers, suppliers, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Samsung Digital Televisions made in accordance with the '649 Patent, including, but not limited to, the Samsung Digital Televisions identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Digital Televisions.   Upon information and belief, Samsung's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

60.     Upon information and belief, Samsung has committed the foregoing infringing activities without license from PMC and with notice of the '649 Patent.

61.     Samsung knew the '649 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '649 Patent.   PMC's damages

should be trebled pursuant to 35 U.S.C. § 284 because of Samsung's willful infringement of the '649 Patent.

62.     The acts of infringement by Samsung have been with the knowledge of the '649 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

63.     The acts of infringement by Samsung will continue unless enjoined by this Court.

64.     PMC has been and will continue to be irreparably harmed and damaged by Samsung's acts of infringement of the '649 Patent and has no adequate remedy at law.

## COUNT III:  INFRINGEMENT OF THE '650 PATENT
### (SAMSUNG DIGITAL TELEVISIONS)

65.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

66.     Upon information and belief, Samsung has infringed at least claim 18 of the '650 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Samsung Digital Televisions, including but not limited to the Samsung Digital Televisions identified in Exhibit G hereto.   Upon information and belief, Samsung's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

67.     Upon information and belief, Samsung has induced infringement of one or more claims of the '650 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its distributors, designers, suppliers, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Samsung Digital Televisions made in accordance with the '650 Patent, including, but not limited to, the Samsung Digital Televisions identified in

Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Digital Televisions.   Upon information and belief, Samsung's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

68.     Upon information and belief, Samsung has committed the foregoing infringing activities without license from PMC and with notice of the '650 Patent.

69.     Samsung knew the '650 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '650 Patent.  PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Samsung's willful infringement of the '650 Patent.

70.     The acts of infringement by Samsung have been with the knowledge of the '650 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

71.     The acts of infringement by Samsung will continue unless enjoined by this Court.

72.     PMC has been and will continue to be irreparably harmed and damaged by Samsung's acts of infringement of the '650 Patent and has no adequate remedy at law.

## COUNT IV:  INFRINGEMENT OF THE 6'649 PATENT
### (SAMSUNG DIGITAL TELEVISIONS)

73.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

74.     Upon information and belief, Samsung has infringed at least claim 9 of the 6'649 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Samsung Digital Televisions, including

but not limited to the Samsung Digital Televisions identified in Exhibit G hereto. Upon information and belief, Samsung's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

75.     Upon information and belief, Samsung has induced infringement of one or more claims of the 6'649 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its distributors, designers, suppliers, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Samsung Digital Televisions made in accordance with the 6'649 Patent, including, but not limited to, the Samsung Digital Televisions identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Digital Televisions. Upon information and belief, Samsung's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

76.     Upon information and belief, Samsung has committed the foregoing infringing activities without license from PMC and with notice of the 6'649 Patent.

77.     Samsung knew the 6'649 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the 6'649 Patent. PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Samsung's willful infringement of the 6'649 Patent.

78.     The acts of infringement by Samsung have been with the knowledge of the 6'649 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

79.     The acts of infringement by Samsung will continue unless enjoined by this Court.

80.     PMC has been and will continue to be irreparably harmed and damaged by Samsung's acts of infringement of the 6'649 Patent and has no adequate remedy at law.

## COUNT V:  INFRINGEMENT OF THE '775 PATENT
### (SAMSUNG DIGITAL TELEVISIONS)

81.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

82.     Upon information and belief, Samsung has infringed at least claim 2 of the '775 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Samsung Digital Televisions, including but not limited to the Samsung Digital Televisions identified in Exhibit G hereto.   Upon information and belief, Samsung's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

83.     Upon information and belief, Samsung has induced infringement of one or more claims of the '775 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its distributors, designers, suppliers, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Samsung Digital Televisions made in accordance with the '775 Patent, including, but not limited to, the Samsung Digital Televisions identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Digital Televisions.   Upon information and belief, Samsung's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

84.     Upon information and belief, Samsung has committed the foregoing infringing activities without license from PMC and with notice of the '775 Patent.

85.     Samsung knew the '775 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '775 Patent.  PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Samsung's willful infringement of the '775 Patent.

86.     The acts of infringement by Samsung have been with the knowledge of the '775 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

87.     The acts of infringement by Samsung will continue unless enjoined by this Court.

88.     PMC has been and will continue to be irreparably harmed and damaged by Samsung's acts of infringement of the '775 Patent and has no adequate remedy at law.

## COUNT VI:  INFRINGEMENT OF THE '775 PATENT
### (SAMSUNG ANDROID SMARTPHONES)

89.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

90.     Upon information and belief, Samsung has infringed at least claim 2 of the '775 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Samsung Android Smartphones, including, but not limited to, the Samsung Android Smartphones identified in Exhibit H hereto.  Upon information and belief, Samsung's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

91.     Upon information and belief, Samsung has induced infringement of one or more claims of the '775 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its distributors, designers, suppliers, resellers, suppliers, resellers, cellular telephone integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer

to sell in the United States, and/or import into the United States, Samsung Android Smartphones made in accordance with the '775 Patent, including, but not limited to, the Samsung Android Smartphones identified in Exhibit H hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Android Smartphones.  Upon information and belief, Samsung's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

92.     Upon information and belief, Samsung has committed the foregoing infringing activities without license from PMC and with notice of the '775 Patent.

93.     Samsung knew the '775 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '775 Patent.  PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Samsung's willful infringement of the '775 Patent.

94.     The acts of infringement by Samsung have been with the knowledge of the '775 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

95.     The acts of infringement by Samsung will continue unless enjoined by this Court.

96.     PMC has been and will continue to be irreparably harmed and damaged by Samsung's acts of infringement of the '775 Patent and has no adequate remedy at law.

## COUNT VII:  INFRINGEMENT OF THE '885 PATENT
### (SAMSUNG DIGITAL TELEVISIONS)

97.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

98.     Upon information and belief, Samsung has infringed at least claim 1 of the '885 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the

United States, and/or importing into the United States Samsung Digital Televisions, including but not limited to the Samsung Digital Televisions identified in Exhibit G hereto.   Upon information and belief, Samsung's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

99.     Upon information and belief, Samsung has induced infringement of one or more claims of the '885 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its distributors, designers, suppliers, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Samsung Digital Televisions made in accordance with the '885 Patent, including, but not limited to, the Samsung Digital Televisions identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Samsung Digital Televisions.   Upon information and belief, Samsung's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

100.     Upon information and belief, Samsung has committed the foregoing infringing activities without license from PMC and with notice of the '885 Patent.

101.     Samsung knew the '885 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '885 Patent.   PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Samsung's willful infringement of the '885 Patent.

102.     The acts of infringement by Samsung have been with the knowledge of the '885 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the

meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

103.    The acts of infringement by Samsung will continue unless enjoined by this Court.

104.    PMC has been and will continue to be irreparably harmed and damaged by Samsung's acts of infringement of the '885 Patent and has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, PMC prays for judgment in its favor against Samsung granting PMC the following relief:

A.      Entry of judgment in favor of PMC and against Samsung on all counts;

B.      Entry of judgment that Samsung has infringed the Patents-in-Suit;

C.      Entry of judgment that Samsung's infringement of the Patents-in-Suit has been willful;

D.      An order permanently enjoining Samsung together with its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them from infringing the Patents-in-Suit;

E.      An award of compensatory damages adequate to compensate PMC for Samsung's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F.      PMC's reasonable fees for expert witnesses and attorneys, as provided by 35 U.S.C. § 285;

G.      PMC's costs;

H.      Pre-judgment and post-judgment interest on PMC's award; and

I.      All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. P., PMC hereby demands trial by jury in this action of all claims so triable.

Dated:   November 10, 2015                                 Respectfully submitted,

By:   /s/ S. Calvin Capshaw
Joseph S. Grinstein
Texas State Bar No. 24002188
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 653-7820
jgrinstein@susmangodfrey.com

Arun Subramanian
New York State Bar No. 4611869
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022-6828
Telephone:  (212) 471-8346
asubramanian@susmangodfrey.com

Meng Xi
California State Bar No. 280099
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3158
mxi@susmangodfrey.com

Dmitry Kheyfits
New York State Bar No. 4743795
KHEYFITS & MALONEY LLP
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Telephone: (212) 203-5399
dkheyfits@kheyfitsmaloney.com

S. Calvin Capshaw
Texas Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Avenue
Gladewater, TX 75647

Telephone:  (903) 233-4826
ccapshaw@capshawlaw.com

*Attorneys for Personalized Media
Communications, LLC.*